UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LOIS AND PAUL SMITH,                      Case No. 3:12-cv-01597-AA

         Plaintiffs,                       OPINION AND ORDER

      v.

BANK OF AMERICA NA; RECONTRUST
COMPANY, an Unknown Entity
Operating in the State of
Oregon; THE BANK OF NEW YORK
MELLON, a New York state
chartered bank,

         Defendants.

_____

AIKEN, Chief Judge:

     Plaintiffs filed this action alleging promissory estoppel,
fraud, negligence, and violations of the Oregon Unfair Trade
Practices Act, Or. Rev. Stat. § 646.608. Plaintiffs' claims arise
from their application for a mortgage loan modification and
defendants' attempts to pursue non-judicial foreclosure of their

1    - OPINION AND ORDER

property. Plaintiffs seek injunctive relief, damages and attorney fees. Defendants now move to dismiss plaintiffs' claims for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). The motion is granted, in part.

STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its well-pleaded factual allegations are taken as true. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, the court need not accept "conclusory" allegations, "unwarranted deductions of fact, or unreasonable inferences." Id. Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

BACKGROUND

In or about June 2005, plaintiffs refinanced their mortgage loan for property located at 74287 Fern Hill Road in Rainier, Oregon. As a part of the refinancing, plaintiffs received a loan of $294,000 under terms of a promissory note secured by a Deed of

2    - OPINION AND ORDER

Trust. Plaintiffs allege that the terms of the note include an "Adjustable Rate Rider," rendering it a "high cost loan" under federal law. Am. Compl. at 4.

In August of 2009, due to health issues and the increasing interest rate of their mortgage loan, plaintiffs contacted defendant Bank of America N.A. (BANA) to modify the loan agreement. Specifically, plaintiffs wished to remove or alter the adjustable rate feature of the loan. At that time, plaintiffs were current on their mortgage loan payments.

In September 2009, a BANA representative informed plaintiffs that they were ineligible for a loan modification because they were current on their loan payments and must be sixty days behind to qualify. Plaintiffs contend that this statement was false, misleading, and made with the knowledge that plaintiffs would cease making timely mortgage payments in order to obtain a loan modification. Plaintiffs also allege that they were not informed that ceasing their payments created an event of "default."

On or about October 1, 2009, a BANA representative informed plaintiffs that they were prequalified for a Loan Modification and that they would receive the necessary paperwork within ten business days. Apparently, plaintiffs never received the paperwork.

For the next fifteen months, BANA either informed plaintiffs that their file was under review or requested additional information from plaintiffs.

In early January of 2012, plaintiffs learned that BANA had opened a "Customer Assistance Center" (CAC) in Seattle, Washington. Plaintiffs were informed that representatives at the CAC would be able to make decisions about their loan modification, and plaintiffs scheduled an appointment for February 6, 2012. However, plaintiffs cancelled the appointment after being informed that the sole purpose of the meeting was to discuss options to avoid foreclosure.

On or about February 7, 2012, BANA returned plaintiffs' mortgage payment of $2,200, stating that "[o]nly a cashier's check or money order is acceptable at this time." Plaintiffs unsuccessfully attempted to contact BANA concerning the returned check on three separate occasions.

On February 14, 2012, defendant ReconTrust Company (ReconTrust) recorded a Notice of Default and Election to Sell (NODES), scheduling a non-judicial foreclosure of plaintiffs' property for June 22, 2012.

On February 21, 2012, plaintiffs received a letter from BANA stating that plaintiffs' loan account had been referred to BANA's Foreclosure Review Committee for review.

On March 19, 2012, ReconTrust recorded a Notice of Rescission of Notice of Default, rescinding the NODES.

During the spring of 2012, BANA contacted plaintiffs on multiple occasions to obtain additional information from them

regarding their loan modification. Plaintiffs provided all of the requested documentation.

On or about June 7, 2012, BANA informed plaintiffs that their loan modification had been denied as "not in the best interests of the investor." Plaintiffs maintain that the modification was denied because BANA incorrectly calculated the Net Present Value by requiring mortgage insurance as part of the loan modification.

In late June 2012, a BANA representative informed plaintiffs that they had no options available to avoid foreclosure and asked if plaintiffs planned to "liquidate."

On September 6, 2012, plaintiffs filed suit.

<u>DISCUSSION</u>

Plaintiffs allege claims of promissory estoppel, fraud, negligence, and violations of the Oregon Unfair Trade Practices Act (UTPA). Defendants argue that plaintiffs' allegations fail to meet the elements of each claim and also that plaintiffs' fraud claim is time-barred.

In order to state a claim for promissory estoppel, plaintiff must allege that a promise was made. <u>Rick Franklin Corp. v. State ex. rel. Dep't of Transp.</u>, 207 Or. App. 183, 190, 140 P.3d 1136 (2006); <u>see also</u> <u>Barnes v. Yahoo! Inc.</u>, 570 F.3d 1096, 1106 (9th Cir. 2009) (citation omitted). Here, plaintiffs allegedly were told that they were "prequalified" for a loan modification, that loan modification documents would arrive within ten days, and that

5    - OPINION AND ORDER

plaintiffs' file was "under review." However, no statement constitutes a "promise" that plaintiffs would receive a loan modification; at most, plaintiffs were told that they "qualified" for such a modification.

Plaintiffs maintain that Oregon law does not require a "definite" promise to allow recovery under the theory of promissory estoppel, and that BANA's statements are akin to an agreement to agree on a loan modification. See Neiss v. Ehlers, 135 Or. App. 218, 228, 899 P.2d 700 (1995) ("In our view, the better reasoning supports the conclusion that promissory estoppel can apply, under appropriate circumstances, to promises that are indefinite or incomplete, including agreements to agree."). However, plaintiffs do not allege that they and BANA agreed to any loan modification agreement, with the details of such agreement to be determined at a later time.

Moreover, while plaintiffs are correct that an indefinite promise may suffice, the fact remains that plaintiffs must allege a promise that reasonably would have been expected to "induce action or forbearance on the part of the promisee." Cocchiara v. Lithia Motors, Inc., 353 Or. 282, 291, 297 P.3d 1277 (2013) (quoting Restatement (Second) of Contracts § 90(1) (1981)). BANA's alleged statement that plaintiffs were "prequalified" for a loan modification - as opposed to a statement that plaintiffs actually would receive a loan modification - does not constitute a "promise"

that could "reasonably have been acted on or foreseen as an inducement to action." Neiss, 135 Or. App. at 229, 899 P.2d 700.

I also find that plaintiffs fail to state a claim for negligence or negligence per se. Plaintiffs allege that defendants negligently processed their loan modification application and failed to comply with relevant regulations under the federal Home Affordable Modification Plan (HAMP). However, a plaintiff generally cannot recover for purely economic losses under a negligence theory, absent a special relationship with or duty owed by the defendant that goes beyond the common-law duty to exercise reasonable care. See Lowe v. Philip Morris USA, Inc., 344 Or. 403, 413-14, 183 P.3d 181 (2008); Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP, 336 Or. 329, 341, 83 P.3d 322 (2004) ("[O]ne ordinarily is not liable for negligently causing a stranger's purely economic loss without injuring his person or property.") (quotation marks and citation omitted). Plaintiffs contend that under HAMP regulations, BANA owes a special duty to plaintiffs and other "distressed homeowners." See Pls.' Response at 15. I disagree.

The existence of a special duty or relationship arises where "one party has authorized the other to exercise independent judgment in his or her behalf and, consequently, the party who owes the duty has a special responsibility to administer, oversee, or otherwise take care of certain affairs belonging to the other

party." Conway v. Pac. Univ., 324 Or. 231, 241, 924 P.2d 818
(1996). Plaintiffs do not allege that they authorized BANA to
exercise independent judgment on their behalf; nor do plaintiffs
provide authority that BANA had a special duty to administer
plaintiffs' loan modification application aside from the normal
duty to exercise reasonable care. See Andre v. Bank of America,
N.A., 2011 WL 7565310, at *4-5 (D. Or. Dec. 14, 2011) (finding no
special relationship between mortgage lenders and borrower to
support claim sounding in negligence), adopted in part, 2012 WL
965106, at *1 (D. Or. Mar. 21, 2012) (agreeing that "the parties
involved were in an arms length relationship" and adopting analysis
regarding negligent misrepresentation). Further, plaintiffs
identify no specific provision in the HAMP regulations that
supports a special duty owed by mortgage lenders or servicers or a
special relationship between them and borrowers. Therefore,
plaintiffs fail to state a claim for negligence.

However, I find that plaintiffs' complaint sufficiently states
a claim for fraud. Fraud requires: 1) a material, false
representation; 2) the defendant's knowledge of its falsity; 3) the
intent that the plaintiff rely on the misrepresentation; 4) the
plaintiff's justifiable reliance on the misrepresentation; and 5)
damages. Horton v. Nelson, 252 Or. App. 611, 616, 288 P.2d 967
(2012). Here, plaintiffs allege that: BANA knowingly and falsely
informed plaintiffs that they must be sixty days behind on their

mortgage payments to obtain a loan modification; BANA intended that plaintiffs rely on the statement to "induce" a default on their loan; plaintiffs justifiably relied on BANA's statement to obtain a loan modification; and plaintiffs sustained damages through unauthorized late charges, default-related fees, and other miscellaneous fees. I find that plaintiffs' allegations suffice to state a claim for fraud.

Defendants alternatively argue that plaintiffs' fraud claim is barred by the statute of limitations, because the fraudulent statements were made in late 2009 and plaintiffs filed suit more than two years later. Or. Rev. Stat. § 12.110(1) (two-year statute of limitations begins to run "only from the discovery of the fraud or deceit"). However, construing all reasonable inferences from the complaint in plaintiffs' favor, a question of fact exists as to when plaintiffs knew or should have known that BANA's representative falsely advised plaintiffs that they were not eligible for a loan modification unless they were sixty days behind in their loan payments. See Murphy v. Allstate Ins. Co., 251 Or. App. 316, 322, 284 P.3d 524 (2012) (when a plaintiff should have discovered injury resulting from an alleged fraud "is a determination that must be made by the factfinder unless the evidence compels a certain answer as a matter of law").

Similarly, I find that plaintiffs allege sufficient damages to support their UTPA claim. See Or. Rev. Stat. § 646.638(1).

Plaintiffs allege specific damages resulting from BANA's alleged inducement of default and its deceptive loan modification practices, in that they sustained late charges and default-related fees. Contrary to BANA's suggestion, whether such damages were, in fact, caused by BANA's conduct is not question appropriately resolved on a motion to dismiss.

<u>CONCLUSION</u>

Defendants' Motion to Dismiss (doc. 11) is GRANTED in part, and plaintiffs' claims based on promissory estoppel and negligence are DISMISSED. Defendant's motion is otherwise DENIED. Defendant's Request for Judicial Notice (doc. 14) is GRANTED.

IT IS SO ORDERED.

Dated this 4th day of June, 2013.

Ann Aiken
United States District Judge

10   - OPINION AND ORDER